IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AUGUSTUS H. EVANS, JR., | § | |
| | § | No. 429, 2016 |
| Petitioner Below- | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. S16M-07-019 |
| | § | Cr. ID 0609011528A |
| Respondent Below- | § | |
| Appellee. | § | |

Submitted: September 12, 2016
Decided: October 31, 2016

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

### O R D E R

This 31st day of October 2016, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     The appellant, Augustus H. Evans, Jr., filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus. The Superior Court held that Evans' writ of habeas corpus, in fact, sought to challenge his underlying convictions and sentence by asserting that the trial judge was biased. The Chief Deputy Clerk issued a notice to Evans to show cause why his appeal should not be dismissed as frivolous, malicious, or for failing to state a claim.

(2)    Evans filed a response to the notice to show cause on September 12, 2016.[1]  He contends that a structural error exists in his criminal case because the judge was biased.  He further contends that the issue of the judge's bias has never been adjudicated and that a writ is the only means to have the issue resolved.

(3)    After careful consideration, we find it manifest that Evans' appeal is frivolous and should be dismissed.  In Delaware, the writ of habeas corpus is very limited and only provides relief to obtain judicial review of the jurisdiction of the court ordering the prisoner's commitment.[2]  In this case, the Superior Court's commitment of Evans is valid on its face, and Evans is being held pursuant to that valid commitment.[3]  Thus, there was no basis for a writ of habeas corpus. Moreover, Evans' contention that his claim of judicial bias has never been adjudicated is simply incorrect.[4]

NOW, THEREFORE, IT IS ORDERED that the appeal is dismissed as frivolous.  Evans' motion to stay is DENIED.

BY THE COURT:

_____
Justice

---

[1] On October 26, 2016, Evans filed a motion to stay these proceedings.  That motion is hereby denied.

[2] *Hall v. Carr*, 692 A.2d 888, 891 (Del. 1997).

[3] 10 *Del. C.* § 6902(1) (2013).

[4] *See Evans v. State*, 2014 WL 4101785 (Del. Aug. 19, 2014) (holding, in part, that Evans' claim of judicial bias was unsupported by the record and had no merit).